UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| ANGELA DAVIS, | ) | Civil Action No.: 3:14-cv-3822-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| STATE OF SOUTH CAROLINA | ) | |
| DEPARTMENT OF INSURANCE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**I.     INTRODUCTION**

This is an employment case. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq. and the Equal Pay Act (EPA), 29 U.S.C. § 206(d), alleging discrimination based on sex. She also alleges a state law claim of discrimination in violation of the South Carolina Human Affairs Law (SCHAL), S.C. Code Ann. § 1-13-10 et seq. Presently before the court are Defendant's two motions to dismiss (Documents # 9, 15). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC. This report and recommendation is entered for review by the district judge.

**II.     FACTUAL ALLEGATIONS**

Plaintiff, a female, began working for Defendant in February 2012 as a temporary employee and was hired permanently in February 2013. On January 11, 2013, Defendant posted a job opening for an Auditor II position with a minimum education requirement of an Associates degree and a compensation plan between $25,627.00 and $31,000.00. Plaintiff was hired for the Auditor II position in February 2013. On August 12, 2013, Defendant posted another job opening for an Auditor II position with a minimum degree requirement of a High School Diploma and a

compensation plan between $25,627.00 and $42,500.00. Defendant hired a male with less education and experience to fill the second Auditor II position and paid him more than the female Plaintiff. In February 2014, Plaintiff emailed her concerns to her supervisor, Tommy Watson, regarding the wage difference between her and the recently hired male employee, as well as the lowered standard of minimum educational requirements . Mr. Watson dismissed Plaintiff's complaints. Mr. Watson stated that he had just made the changes himself to the job description, lowering the requirements so the male could get the job. Mr. Watson claimed that the job the male was hired for was more technical in nature then the Plaintiff's job. Plaintiff performed work equal or substantially equal to that of the male Auditor. Comp. ¶¶ 10-15, 20.

### III.    STANDARD OF REVIEW

Defendant seeks dismissal of Plaintiff's claims pursuant to Rules 12(b)(1) and 12(b)(6), Fed.R.Civ.P. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiffs' burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.1991).

A Rule 12(b)(6) motion examines whether Plaintiff has stated a claim upon which relief can be granted. The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The reviewing court need only accept as true the complaint's factual

allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 556 U.S. at 677-78 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

**IV.    DISCUSSION**

In Defendant's first motion to dismiss, it argues that dismissal is appropriate because Plaintiff failed to exhaust her administrative remedies with respect to her Title VII claim and her state law claim under the SCHAL is barred by Eleventh Amendment immunity. In its second motion to dismiss, Defendant argues that Plaintiff fails to allege factual information sufficient to state a claim under the EPA. Plaintiff does not address Defendant's exhaustion or immunity arguments, but does argue that she has alleged facts sufficient to survive a motion to dismiss and that the parties should engage in discovery before making any dispositive motions.

Although Plaintiff's allegations under Title VII are not entirely clear, she alludes to an alleged "fail[ure] to hire due to her gender," Comp. ¶ 16, "denial of promotions due to her sex and gender (female)," Comp. ¶ 18, gender/sex-based "failure to promote . . . and preferential treatment," Comp. ¶ 19, "inappropriate behaviors," Comp. ¶¶ 25, 33, and "constructive discharge." Comp. ¶¶

26, 33. Title VII makes it "an unlawful employment practice for an employer-(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin...." 42 U.S.C. § 2000e–2(a)(1). "Before filing suit under Title VII, a plaintiff must exhaust her administrative remedies by bringing a charge with the [Equal Employment Opportunity Commission (EEOC)]." Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir.2000); see also 42 U.S.C. § 2000e–5(f)(1). The EEOC must then decide whether it will bring a claim in federal court or if it will issue a "right-to-sue" letter to the claimant, "which letter is essential to initiation of a private Title VII suit in federal court." Davis v. North Carolina Dep't of Corrections, 48 F.3d 134, 136–37 (4th Cir.1995). Upon receipt of the right to sue letter from the EEOC, Plaintiff has 90 days within which to file a civil action raising federal discrimination claims. 42 U.S.C. § 2000e–5(f)(1) and 29 U.S.C. § 626(e).

The allegations contained in the administrative charge of discrimination generally limit the scope of any subsequent judicial complaint. King v. Seaboard Coast Line R.R., 538 F.2d 581, 583 (4th Cir.1976) (stating that a subsequent civil suit "may encompass only the 'discrimination stated in the [EEOC] charge itself or developed in the course of a reasonable investigation of that charge'") (quoting Equal Employment Opportunity Comm'n v. Gen. Elec., 532 F.2d 359, 365 (4th Cir.1976)); see also Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir.2000) ("A plaintiff's EEOC charge defines the scope of her subsequent right to institute a civil suit."). Only those claims stated in the initial administrative charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent lawsuit. Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir.1996) (affirming the district court's dismissal of some of the plaintiff's claims because they were outside the scope of

her original EEOC charge and were therefore time barred).

    Defendant attached to its Answer Plaintiff's charge of discrimination. Therein, she asserts

- I.    I was hired on 2/3/2012 at State of S.C. Department of Insurance.
- II.    When I was hired my position, Auditor II, required an "Associates Degree in Business or Accounting and 2 years experience in Accounting, Auditing, or Insurance."
- III.    In October 2013 a male was hired into the same position, Auditor II, with a higher pay grade.
- IV.    The position offered to the new Auditor II only required a "high school diploma and experience in accounting, auditing, bookkeeping, insurance, procurement or unemployment insurance."
- V.    I spoke to my manager, Tommy Watson, on 2/4/2014 about my concerns with the lesser pay for lesser education and he saw "no concerns".
- VI.    I believe I have been discriminated on the basis of wage associated with the Federal Equal Pay Act; Equal Pay Act of 1963 (Pub. L.88-38 (EPA, as amended, as it appears in volume 29 of the United States Code, at section 206(d).

Charge of Discrimination (Ex. A to Def. Answer). Plaintiff does not assert in her charge of discrimination that Defendant discriminated against her in violation of Title VII, nor does she raise any of the claims she tangentially alleged in her complaint, such as failure to hire, denial of promotion, inappropriate behaviors, or constructive discharge.

    The Fourth Circuit has noted that

> [t]he filing of an administrative charge is not simply a formality to be rushed through so that an individual can quickly file his subsequent lawsuit. Rather, Congress intended the exhaustion requirement to serve the primary purposes of notice and conciliation.
>
> First, an administrative charge notifies the employer of the alleged discrimination. This notice gives the employer an initial opportunity to voluntarily and independently investigate and resolve the alleged discriminatory actions. It also prevents the employer from later complaining of prejudice, since it has known of the allegations from the very beginning.
>
> Second, the exhaustion requirement initiates agency-monitored settlement, the primary way that claims of discrimination are resolved.

Chacko v. Patuxent Inst., 429 F.3d 505, 510 (4th Cir.2005) (citations omitted). Accordingly, when

a discrimination claim "exceed[s] the scope of the EEOC charge and any charge that would naturally have arisen from an investigation thereof," it is procedurally barred. Dennis v. County of Fairfax, 55 F.3d 151, 156 (4th Cir.1995) (Title VII). Plaintiff's Title VII claims are not reasonably related to the claims of EPA violations raised in Plaintiff's charge of discrimination and an investigation into the EPA violation claims would not necessarily lead to discovery of the alleged failure to hire, failure to promote, inappropriate behavior or constructive discharge. Accordingly, Plaintiff's Title VII claims are outside the scope of her charge of discrimination, and thus, she has failed to exhaust her administrative remedies with respect to those claims. "Importantly, a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Therefore, dismissal is necessary.

Plaintiff also vaguely raises a state law claim under the SCHAL. Defendant argues that this claim is subject to dismissal because it is entitled to Eleventh Amendment immunity from state law claims. The general rule is that a federal court lacks jurisdiction to entertain a state law claim against a State or state agency absent the State's express consent to be sued in federal court. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Plaintiff does not dispute that Defendant is a state agency. See Watterson v. Fowler, No. 9:06-1064-PMD-GCK, 2006 WL 1687431, *5 (D.S.C. Apr. 12, 2006) (report and recommendation, adopted 2006 WL 1663801 (D.S.C. June 8, 2006)) (recognizing the South Carolina Department of Insurance as a state agency entitled to Eleventh Amendment immunity). Furthermore, this court has found no express waiver of immunity by the general assembly under the SCHAL. Coffin v. South Carolina Dep't of Social Services, 562 F.Supp. 579, 584 (D.S.C. 1983) (rejecting the argument that "the South Carolina General Assembly, by enacting the South Carolina Human Affairs Law, Section 1–13–10 et seq. of the South Carolina Code, waived the state's constitutional immunity afforded by the

Eleventh Amendment and consented to suits such as this one brought in federal court against the state alleging employment discrimination based on age"). Accordingly, dismissal of Plaintiff's state law claim under the SCHAL is appropriate.

In its second motion to dismiss, Defendant argues that Plaintiff fails to allege facts sufficient to state a claim under the EPA. Specifically, Defendant argues that Plaintiff fails to allege that she and her male co-worker in the Auditor II position performed work requiring equal skill, effort and responsibility. The EPA prohibits employers from discriminating "between employees on the basis of sex by paying wages to employees ... at a rate less than the rate at which [they] pay[ ] wages to employees of the opposite sex" for work requiring "equal skill, effort, and responsibility, ... performed under similar working conditions." 29 U.S.C. § 206(d)(1)(2000). Plaintiff must prove that the skill, effort, and responsibility required in her job performance are substantially equal to those of a higher-paid male employee. Wheatley v. Wicomico County, 390 F.3d 328, 334 (4th Cir .2004). Alleging that a female and a male employee have the same job title and/or classification and are paid different salaries is insufficient to allege a violation of the EPA. See Wheatley v. Wicomico County, Md., 390 F.3d 328, 332 (4th Cir. 2004) ("We decline to accept the argument . . . that employees with the same titles and only the most general similar responsibilities must be considered equal under the EPA."). The Fourth Circuit has explained that

> [J]obs do not automatically involve equal effort or responsibility even if they entail most of the same routine duties. Jobs are considered unequal— despite having the same general core responsibilities—if the more highly paid job involves additional tasks which (1) require extra effort . . . (2) consume a significant amount of the time . . . and (3) are of an economic value commensurate with the pay differential.

Wheatley, 390 F.3d at 332 (internal quotations and citations omitted).

Plaintiff alleges that a male with less education was hired for an Auditor II position and was paid a higher salary. Plaintiff also alleges that she was "similarly situated with her male co-workers"

and she "performed work that was equal or substantially equal to that of the male auditor, but received less pay for the substantially similar job." Complaint ¶¶ 20, 30. She alleges that her "male co-workers who were doing identical work were paid at a higher rate than she was paid." Complaint ¶ 31. Plaintiff argues that these allegations are sufficient to state a claim under the EPA that has facial plausibility. Defendant argues that Plaintiff's allegations are legal conclusions, and she has not alleged any facts concerning actual job content to support the conclusion that her job and the male auditor's job were substantially equal. "The pleading standard Rule 8 announces does not require 'detailed factual allegations." Iqbal, 556 U.S. at 677. The facts alleged by Plaintiff are sufficient to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. Accordingly, dismissal of Plaintiff's claim under the EPA is not appropriate at this stage of the litigation.

## V.     CONCLUSION

For the reasons discussed above, it is recommended that Defendant's first motion to dismiss (Document # 9) be granted and its second motion to dismiss (Document # 15) be denied.

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

March 30, 2015  
Florence, South Carolina