IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| ANGELA DAVIS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STATE OF SOUTH CAROLINA )<br>DEPARTMENT OF INSURANCE, )<br>)<br>Defendant. )<br>_____ ) | Case No. 3:14-3822-TLW |

**ORDER**

The Plaintiff, Angela Davis ("Plaintiff"), filed this action against the Defendant, State of South Carolina Department of Insurance ("Defendant" or "Department of Insurance"), alleging claims pursuant to the Equal Pay Act (EPA), 29 U.S.C. § 206(d); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; and the South Carolina Human Affairs Law (SCHAL), S.C. Code § 1-13-10, et seq. (Doc. #1). On April 29, 2015, this Court entered an Order granting in part Defendant's motions to dismiss (Docs. #9, 15), and dismissed two of Plaintiff's claims: the Title VII and SCHAL claim. (Doc. #29; see Docs. #27; 28). Therefore, the only claim remaining before this Court in the above-captioned matter is Plaintiff's Equal Pay Act claim.

Defendant filed a Motion for Summary Judgment as the EPA claim on October 2, 2015. (Doc. #31). Plaintiff filed a response in opposition on November 2, 2015 (Doc. #37), to which Defendant replied on November 5, 2015 (Doc. #38). This matter is now before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, to whom this case was assigned pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.). (Doc. #42). In the Report, the Magistrate Judge recommends that this Court grant Defendant's motion for summary judgment and dismiss this case in its entirety. (Doc.

#42). Plaintiff filed timely objections to the Report on March 31, 2016 (Doc. #43), to which Defendant replied on April 11, 2016 (Doc. #45). Defendant's motion is now ripe for disposition.

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

This Court has carefully reviewed the Report and Plaintiff's objections thereto in accordance with the standard set forth in <u>Wallace</u>, and concludes that the Magistrate Judge accurately summarizes the case and the applicable law. As the Report properly concludes, there is a clear difference in the skill, effort, and responsibility between the work required for the position held by the Plaintiff and that of her male comparator. Accordingly, after careful consideration, it is hereby **ORDERED** that the Report and Recommendation is **ACCEPTED** (Doc. #42), and Plaintiff's objections thereto are **OVERRULED** (Doc. #43). For the reasons articulated by the Magistrate Judge, Defendant's motion for summary judgment is **GRANTED** (Doc. #31) and this case is dismissed.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Chief United States District Judge

July 27, 2016
Columbia, South Carolina